THOMPSON, Judge.
The employer/carrier (E/C) appeal a workers’ compensation order contending, inter alia, that the deputy commissioner erred in awarding claimant temporary total disability (TTD) benefits. We agree and reverse.
Claimant is a 30-year-old physical education teacher holding a Master’s degree. She sustained a compensable accident and injury to her back and hip on June 27,1977, when she slipped and fell taking a shower on the job. On June 29, July 7, and July 15, 1977, she was seen by an orthopedic specialist who determined that she had no orthopedic pathology and no disability. She returned to work approximately a week after the accident and continued working throughout the remainder of the 1977-1978 school year. During the summer of 1978, she began courses toward her Ph.D. at Jackson State University in Jackson, Mississippi. At the conclusion of the summer school session she returned to her regular employment. During this time she was also seen by another orthopedist to whom she was referred by the E/C. Claimant said she did not return to see this doctor because he was unable to do anything for her.
On September 5, 1978, the claimant began seeing a neurologist to whom she was referred by her attorney. This doctor’s examination, which included an EMG, was negative. Although the neurologist could obtain no objective physical findings, she prescribed physical therapy because of claimant’s complaints. Claimant was then referred to an orthopedic surgeon by her attorney. This doctor did find objective evidence of some injury to the cervical and lower lumbar spine, but was of the opinion that the claimant was physically and medically capable of performing employment as a physical education coach. In January 1979, claimant requested sabbatical leave so she could attend the University of Southern Mississippi during the 1979-1980 school year. Approximately five weeks later, in early March 1979, claimant requested sick leave, which was granted.
At a hearing held April 10, 1979, the parties agreed that the claimant should return to the neurologist for referral to a physical therapist. She continued with the therapy until some time in June 1979 when she moved to Baton Rouge, Louisiana, in order to be near her family and to continue work on her doctorate at Louisiana State University.
On October 2, 1979, she was seen by a neurologist in Baton Rouge who was unable *883 to find any evidence of central nervous system damage or disc injury and unable to assign any disability on a neurological basis. Claimant then sought treatment from an orthopedist in New Orleans who hospitalized her in November 1979 in order to perform a myelogram. According to this orthopedist, the myelogram revealed a ruptured disc at the C-5, C-6 level, and normal results from the lumbar spine area. He recommended surgery for the cervical disc problem but the claimant was reluctant to undergo surgery. Approximately six months later, the orthopedist determined that claimant had both a cervical and a lumbar disc rupture based on the claimant’s clinical symptoms. Throughout the remainder of 1980 and early 1981, the orthopedist continued to advise the claimant to again enter the hospital for additional workup. On March 13, 1981, he operated and discovered an extremely irritable L-5, S-l nerve root and a bulging disc which was then surgically excised. He was of the opinion it would be eight months to a year from the date of the operation before claimant could reach maximum medical improvement (MMI).
The deputy found that the claimant was temporarily and totally disabled beginning March 20, 1979 and continuing until the claimant reaches MMI. There is no substantial competent evidence to support the finding that the claimant was TTD from March 20, 1979 to the date of her hospitalization on November 12, 1979, or that she was TTD during the period between her 1979 hospitalization and her hospitalization on February 25, 1981. The claimant had worked or attended school in furtherance of her education for almost two years after her accident, during which period none of her doctors, including the two to whom she was referred by her attorney, found that she was unable to work. There was no medical evidence whatever that claimant was totally disabled on and after March 20, 1979. She had attended school part of the time and had worked as a substitute teacher. There is no evidence that the claimant made any job search other than by applying for work as a substitute teacher, and there is no basis in the record for excusing an adequate job search. Although the last orthopedist treating her testified that there was a period of time when she was TTD from performing her physical education job, he said nothing about her inability to perform other jobs, including that of substitute teacher of general subjects. The only evidence regarding her ability to work is that she not only could work but did work as a substitute teacher of general subjects when called upon. The award of TTD from March 20, 1979 to November 12, 1979, and from November 21, 1979 to February 25, 1981, is therefore reversed.
We find the remaining assignments of error to be without merit.
A review of the record reveals that there were certain comments made by the deputy to counsel for the E/C that were both unnecessary and unwarranted. Such comments serve only to detract from the decorum of a judicial hearing and cast doubt on its fairness.
LARRY G. SMITH and JOANOS, JJ., concur.